IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADMIR GUSENKOV and OLGA GUSENKOV,<br><br>        Plaintiffs,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, FA; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 thru 250<br><br>        Defendants.<br>_____/ | No. C 09-04747 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

      Plaintiffs, who are representing themselves, filed a complaint in the Superior Court of the State of California for the County of Contra Costa on August 25, 2009. Pursuant to 28 U.S.C. § 1446, defendants removed the case to this Court because plaintiffs alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, which falls within this Court's original jurisdiction. On October 6, 2009, defendants filed a motion to dismiss for failure to state a claim, but plaintiffs failed to respond. This Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Plaintiffs responded to the Order to Show Cause stating that they wished to pursue this case, opposing defendants' motion to dismiss.

      Pursuant to Civil Local Rule 7-1(b), the Court finds it appropriate to resolve the pending motion without oral argument. For the reasons set forth below, this Court GRANTS defendants' motion to dismiss with leave to amend. If plaintiffs wish to amend the complaint, they must file an amended complaint by **March 12, 2010.** The case management conference scheduled for March 5, 2010 is rescheduled to **April 23, 2010** at **2:30 pm.** The Court also finds it appropriate to refer the parties to the

Court's Alternative Dispute Resolution Program. The ADR Department shall contact the parties and arrange a conference to determine the appropriate ADR procedure.

## BACKGROUND

The complaint alleges federal and state law claims arising from a mortgage obtained from defendants secured on plaintiffs' property at 1873 Grenada Dr., Concord, California. Plaintiffs allege that their primary language is Russian. On or about December 1, 2003, plaintiffs obtained a mortgage in the amount of $250,000 from Washington Mutual Bank, now owned by JP Morgan Chase ("WAMU"). Compl. Ex. 1. The Deed of Trust was notarized on December 2, 2003, and recorded on December 9, 2003. *Id*. Ex. 1; Ex. 2. The loan was a "Conventional Fixed Rate Loan" with an interest rate of 5.750% for a thirty year term.[1] Compl. ¶ 8. Plaintiffs allege that this loan was presented to them entirely in English despite the fact that their primary language is Russian. Plaintiffs obtained additional financing from the bank on January 26, 2007 in the amount of $244,750, bringing the total encumbrance owed to WAMU to $494,750. *Id*. ¶ 8. In both instances, plaintiffs maintain that the loans were extended based upon their "stated income" rather than "verified income." *Id*.[2]

Plaintiffs seek quiet title, rescission based on California Civil Code § 1632, rescission based upon fraud, unfair debt collection practices (Cal Civ. Code § 1788), unfair business practices (California Business and Professions Code § 17200), breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, violation of TILA (15 U.S.C. § 1639), and declaratory and injunctive relief. *Id*., ¶¶ 9-61. Defendants have moved to dismiss the complaint as untimely and for failure to state a claim.

## LEGAL STANDARD

---

[1] The complaint alleges that the loan was "dubbed a Conventional Fixed Rate Loan, which featured a starting interest rate of 5.750% with a thirty year term." Compl. ¶ 8. It is not clear whether the phrase "starting interest rate" means that the loan was actually a variable interest rate loan, or whether "starting interest rate" refers to a different rate in the second loan plaintiffs obtained in January 2007.

[2] "Stated income" is an apparent reference to low documentation loans where a borrower's income is not documented or verified by a lender. 1668 PLI/Corp 493, 503 (March 5, 2008).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.  Quiet Title**

Plaintiffs seek to quiet title of the subject property. Plaintiffs allege that "Defendants are seeking to hold themselves out as fee simple owners of the subject property. . . when Defendants have no right, title, interest, or estate in the SUBJECT PROPERTY." Compl. ¶ 12. To establish a claim for quiet title,

3

plaintiffs must set forth each element specified under California Code of Civil Procedure section 761.020:

> (a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
>
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

The Court finds that the complaint is deficient in several respects. The complaint does not sufficiently allege the adverse claims to the title, nor does it state the date as of which the determination is sought. Additionally, the statute of limitations for quiet title is three years after a plaintiff discovers or should have discovered the fraud. *See* Cal. Civ. Proc. § 338(d); *see also Ankonda v. Walker-Smith*, 52 Cal.Rptr.2d 39, 42 (Cal. Ct. App. 1996). Plaintiffs' transaction occurred in December 2003, and thus the statute of limitations expired in December 2006. Unless plaintiffs can show that they discovered the facts surrounding the alleged fraud in a period within the statute of limitations, this claim is time-barred.

Accordingly, defendants' motion to dismiss is GRANTED with leave to amend.

## II.     Rescission Based on Cal. Civ. Code § 1632

Plaintiffs assert that under California Civil Code sections 1632(b) and 1632(e), defendants "had a statutory duty to provide Plaintiffs with a Russian translation of the loan documents." Compl. ¶ 18. Section 1632 provides in relevant part:

> Any person engaged in a trade or business who negotiates primarily in *Spanish, Chinese, Tagalog, Vietnamese, or Korean*, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement

4

1  (emphasis added). Section 1632 only applies to businesses who negotiate primarily in any of the five
2  enumerated languages: Spanish, Chinese, Tagalog, Vietnamese, and Korean. Lenders are not required
3  to translate their loan agreements into Russian under the statute. Moreover, even if Russian translations
4  were required under the statute, the statute exempts loans secured by real property from translation
5  requirements. *See* Cal. Civ. Proc. § 1632(b)(2).[3]

6  Accordingly, this Court GRANTS defendants' motion to dismiss without leave to amend.

## III.    Rescission Based on Fraud

Plaintiffs allege that they are entitled to rescission because defendants "failed to disclose to Plaintiffs that their income would be insufficient to repay the loan." Compl. ¶ 26. Additionally, the complaint alleges that defendants "failed to inform Plaintiffs that they had a right to receive the loan application and all disclosures in the Russian language to satisfy due process requirements." *Id.*, ¶ 27. Plaintiffs allege that "[h]ad Plaintiffs known that Defendants were intentionally not disclosing these material facts, Plaintiffs would not have permitted Defendants to originate the loan, or in the least would have considered other options to purchase." *Id.*

Under California Civil Code section 1689(b)(1), a party may rescind a contract obtained by fraud. However, to establish rescission under a theory of fraud, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo*, 7 Cal.Rptr.2d 859, 864 ( Cal. Ct. App. 1992). Defendants correctly argue that plaintiffs have not alleged that they were under a duty to disclose that plaintiffs' income would be insufficient to repay the loan, and that plaintiffs do not allege they were unaware of the insufficiency of their income to cover the cost of the loan. Plaintiffs have also not pled with sufficient particularity the elements constituting fraud

---

[3] There are two exceptions, specified in Civ Proc. §§ 1632(b)(4), 1632(b)(5), that are not applicable here.

5

under Rule 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (plaintiffs must provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.")

Moreover, section 337 of the California Code of Civil Procedure provides a four-year statute of limitation for rescission of a written contract. The contract at issue here was formed in December 2003, and thus the statute of limitations for rescission expired in December 2007.

Accordingly, the Court GRANTS defendants' motion to dismiss with leave to amend.

### IV. Unfair Debt Collection Practices

The complaint also alleges that defendants violated California's Fair Debt Collection Practices Act, Cal Civ. Code § 1788, the Fair Debt Collections Act ("FDCA"), 15 U.S.C. § 1692, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. However, the complaint makes no attempt to describe how defendants violated the elements of each statutory claim, and instead references "actions aforementioned" in the complaint. It is not clear whether plaintiffs are asserting that the failure to provide Russian language documents is the basis of the Fair Debt Collection Practices claim, or whether it was the alleged failure to disclose the insufficiency of their income to repay the loan. Additionally, plaintiffs do not identify which provision of section 1788 defendants violated, other than to reference parts (e) and (f), however these sections are incorrectly cited to the short title of the statute. Plaintiffs have not alleged how defendants' conduct violated any debt collector responsibilities referenced in sections 1788.10 to 1788.18.

Additionally, the statute of limitations for actions brought under the California Fair Debt Collection Practices Act is one year. Cal. Civ. Code § 1788.30. If the basis of the California Fair Debt Collections practice claim stems from the alleged disclosure violations or the failure by defendants to disclose an inability to pay in December 2003, then it is time-barred. However, because the complaint is unclear about the nature defendants' alleged violations and when they were committed, this Court cannot determine if they are time-barred. However, plaintiffs should verify that any allegations that defendants violated the Unfair Debt Collection Practices Act are within the one-year statute of

limitations before amending the complaint.[4]

Accordingly, defendants' motion to dismiss is GRANTED with leave to amend.

### V.     California's Unfair Competition Law Claims

Plaintiffs allege that by violating the Fair Debt Collection Practices Act, and the disclosure requirements of section 1632, plaintiffs have an actionable claim under California Business and Professions Code sections 17200 *et seq*. Generally, "violation of almost any law may serve as a basis for a UCL claim." *Plascencia v. Lending 1st Mortg*., 259 F.R.D. 437, 448 (N.D. Cal. 2009). However, plaintiffs have four years to enforce a claim under the UCL after the cause of action arose. *See* Cal. Bus & Prof Code. § 17208. Defendants correctly point out that the mortgage at issue was obtained in 2003, and any UCL claim expired in 2007.[5] Plaintiffs did not file this action until 2009, thus making any UCL claims arising from the 2003 transaction time barred. If Plaintiffs can allege a cause of action which has a different, timely basis for a UCL claim, plaintiffs may allege a claim under section 17200.

Therefore, the defendants' motion to dismiss is GRANTED with leave to amend.

### VI.    Breach of Fiduciary Duty

Plaintiffs allege that defendants breached a fiduciary relationship "as lender, trustee, and loan officer by failing to provide Plaintiffs with disclosures required pursuant to section 1632." Compl. ¶ 44. This Court has determined that section 1632 does not apply to plaintiffs' transaction with defendant because that statute does not require Russian translations and does not apply to loans secured by real property. However, even if defendants were required under section 1632 to provide necessary disclosures, a commercial lender generally does not owe any fiduciary duty to its borrowers, and instead may pursue its own economic interests. *Nymark v. Heart Fed. Savings & Loan Ass'n*., 283 Cal.Rptr.

---

[4] Plaintiffs should also verify that any claims brought under the FDCA are within the one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Additionally, any claims under RESPA must be made within three years of a violation of section 2605 and one year for sections 2607 and 2608. *See* 12 U.S.C. § 2614.

[5] While plaintiffs reference a second mortgage with defendants in 2007 in their statement of facts, it is unclear whether this second loan has any relation to the statutory and common law violations plaintiffs assert in their complaint. Accordingly, this Court has not considered this second loan in determining any statute of limitation violations.

7

53, 54 n.1 (Cal. Ct. App. 1991). Because plaintiffs have failed to show that defendants stepped beyond their role as a lender, they have not pled a claim for breach of fiduciary duty.

Accordingly, this Court GRANTS defendants' motion to dismiss without leave to amend.

### VII.  Breach of Implied Covenant of Good Faith

Plaintiffs allege that defendants breached the implied covenant of good faith when they "used their superior knowledge in the real estate, lending and finance industries to intentionally hide the fact that WAMU was obligated to inform Plaintiffs that Plaintiffs could not qualify for the loan based upon their stated income only." Compl. ¶ 49. Defendants contend that this claim is time-barred and fails to state a claim.

Under California Civil Procedure Code section 337, a plaintiff's action must be brought within four years for a claim arising from a "contract, obligation, or liability founded upon an instrument in writing." An exception is provided when a plaintiff seeks rescission based upon fraud or mistake, and under such circumstances "the time does not begin to run until discovery by the aggrieved party of the facts constituting fraud or mistake. *Id.* at § 337(3). Here, plaintiffs' loan transaction occurred in 2003, and under the statute of limitations their claim for breach of implied covenant of good faith expired in 2007. The Court will grant leave to amend if plaintiffs can truthfully allege that they discovered the facts constituting fraud or mistake after the loan transaction.

Accordingly, defendants' motion to dismiss is GRANTED with leave to amend.

### VIII.  TILA Claim

Plaintiffs allege they are entitled to rescission under the Truth in Lending Act ("TILA") because defendants failed to verify plaintiffs' ability to repay the loan and "instead manufactur[ed] facts and figures, and documents to justify Plaintiff's ability to repay the loans." Complaint, ¶ 53. A claim for rescission under TILA has a statute of limitations of three years. 15 U.S.C. § 1635(f). Plaintiffs' transaction occurred in December 2003 and the statute of limitations expired in 2006. Unless plaintiffs can show that equitable tolling should apply, plaintiffs' claims are time-barred. *See King v. California*, 784 F.2d 910, 915 (9th Cir.1986).

8

Accordingly, defendants' motion to dismiss is GRANTED with leave to amend.

**IX.     Declaratory and Injunctive Relief**

Plaintiffs also seek declaratory relief for issues and controversies arising from the foreclosure of their property, as well as a preliminary injunction and temporary restraining order preventing the sale of the subject property. Additionally, plaintiffs seek a permanent injunction to prevent defendants from engaging in wrongful conduct in the future. Here, plaintiff has not adequately pled why declaratory relief is appropriate. *See Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) ("[d]eclaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.")

Additionally, a preliminary injunction is only appropriate where there is 1) a substantial likelihood of prevailing on the merits, 2) a substantial threat of irreparable harm, 3) the threatened injury outweighs damage of injunction, and (4) the injunction does not harm the public interest. *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc*., 367 F.3d 1108, 1111 (9th Cir. 2004). Plaintiffs have not adequately pled any of the appropriate factors which would justify a preliminary injunction.

Therefore, defendants motion to dismiss is GRANTED with leave to amend.

///

9

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss all claims, with leave to amend. (Docket No. 11). If plaintiffs wish to amend the complaint, they must file an amended complaint no later than **March 12, 2010.** The case management conference scheduled for March 5, 2010 is rescheduled to **April 23, 2010** at **2:30 pm. The Court also finds it appropriate to refer the parties to the Court's Alternative Dispute Resolution Program. The ADR Department shall contact the parties and arrange a conference to determine the appropriate ADR procedure.**

**IT IS SO ORDERED.**

Dated: February 26 , 2010

SUSAN ILLSTON
United States District Judge